UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN CANO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3530 |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand ("Motion") (Doc. No. 19). After considering the Motion, all responses thereto, and the applicable law, the Court finds that the Motion should be granted.

**I.     BACKGROUND**

Plaintiffs Juan Cano and Maria Guadalupe Cano filed this case in state court against Defendants Scottsdale Insurance Company ("Scottsdale") and Diane Waller. Plaintiffs' original petition alleged that Defendants mishandled Plaintiffs' claim for Hurricane Ike damages under his insurance policy. Defendant Diane Waller removed this case to this Court on September 29, 2010.

On May 20, 2011, Plaintiffs moved for leave to file a second amended complaint (Doc. No. 15).[1]    The Second Amended Complaint sought to add Wardlaw Claims Service ("Wardlaw") and John Bledsoe as defendants, as Plaintiffs asserted that they were "unaware of the identity of the adjusting company and individual adjuster" at the time they filed their original

---

[1] Plaintiffs stated that they filed their First Amended Petition on October 4, 2010 "in order to correct a citation issue." (Plaintiffs' Motion for Leave to File Second Amended Complaint ¶ 2.)    However, the Court finds no record of this amended complaint on file.

1

petition. (Plaintiffs' Motion for Leave to File Second Amended Complaint ¶ 7.)[2] Plaintiffs' motion further noted that "[a]dding Wardlaw and Bledsoe as Defendants to the suit will destroy diversity jurisdiction; however, they are proper parties because they actively participated in the adjustment and investigation of Plaintiffs' claim." (*Id.* ¶ 8.) Similarly, the proposed amended complaint attached to the motion stated that "with the addition of Defendant Bledsoe, a Texas domiciliary and citizen, there is no longer complete diversity of citizenship between the parties. . . . . Accordingly, this Honorable Court no longer has jurisdiction over this cause of action, and this case should be remanded to state court." (*Id.*, Ex. A, ¶ 6.)

The Certificate of Conference attached to Plaintiffs' motion indicated that "the parties were unable to reach an agreement" about this issue. (*Id.* at 8.) However, Defendants Scottsdale and Waller did not file a response to Plaintiffs' motion for leave to file. The Court granted the motion, citing Local Rule 7.3 and noting that Defendants' failure to respond is taken as a representation of no opposition. (Order, Doc. No. 16, at 1.)

Subsequently, Plaintiffs filed a motion to remand this action to state court, asserting that this Court lacked subject matter jurisdiction because Defendants Wardlaw and Bledsoe are citizens of Texas. (Mot. ¶ 14.) Defendants Scottsdale and Diane Waller oppose this motion. It is undisputed that Defendants Wardlaw and Bledsoe are citizens of Texas. However, Defendants Scottsdale and Waller assert that Defendants Wardlaw and Bledsoe were "improperly joined" and therefore that their citizenship "may be ignored." (Resp. ¶ 2.)

II.  **LEGAL STANDARD**

The removal statute, 28 U.S.C. § 1441, provides:

---

[2] In their response to Plaintiffs' Motion to Remand, Defendants dispute the veracity of this statement. They assert that the Plaintiffs have been aware of the identity of John Bledsoe since the January 9, 2009 inspection, and that his name was listed as the estimator in the Scottsdale estimate mailed with the claim payment check. (Resp. ¶ 16.)

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id*. at 573 (citations omitted).

However, "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999) (emphasis in original). According to the Fifth Circuit:

> The *Cobb* court reasoned that, when a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent joinder doctrine. In contrast, a diverse defendant can argue that a *post*-removal joinder is improper *before* the court grants the plaintiff leave to amend.

*Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Cobb*, 186 F.3d at 678). Therefore, a court loses subject matter jurisdiction once it permits post-removal joinder, and remand is required. *Cobb*, 186 F.3d at 678; *see also* 28 U.S.C. § 1447(e)).[3]

## III. ANALYSIS

Defendants Scottsdale and Waller assert that the Motion should be denied, because Defendants Wardlaw and Bledsoe were improperly joined as parties. (Resp. ¶ 2.) They urge the Court to "pierce the pleadings" to determine whether a cause of action exists against the recently-joined Defendants. (*Id.* ¶ 3.) However, the Fifth Circuit has determined that the fraudulent joinder doctrine is not applicable to joinders that occur after an action is removed.

Defendant had an opportunity to respond to Plaintiffs' motion for leave to file an amended complaint. In both the motion and the proposed complaint attached to the motion, Plaintiffs made clear that the additional defendants would destroy diversity and require remand. (Plaintiffs' Motion for Leave to File Second Amended Complaint ¶ 8 & Ex. A, ¶ 6.) However, Defendants failed to respond to this motion, and the Court granted the motion based on Defendants' non-opposition. (Order, Doc. No. 16, at 1.)

Similarly, the motions to amend in both *Cobb* and *Borden* were unopposed. *See Borden*, 589 F.3d at 171; *Cobb*, 186 F.3d at 676. As the Fifth Circuit noted, "*Cobb* seems to create a trap for the unwary diverse defendant, or a device exploitable by a clever plaintiff. But the district court, properly apprised of *Cobb,* could have either denied [Plaintiff's] joinder to begin with, or

---

[3] Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

4

it could have vacated its order of joinder." *Borden*, 589 F.3d at 172. As in *Borden*, Defendants failed to respond to the motion for leave to amend, and have not sought vacatur of the order granting leave.[4] Therefore, the Court no longer has subject matter jurisdiction and must remand this case to state court.

Defendants argue that *Cobb* does not apply because Plaintiffs have been aware of the identity of John Bledsoe since 2009. Therefore, they assert that Plaintiffs' statement indicating that they recently learned of the identity of the Independent Adjusters is false, and "amounts to true fraudulent joinder, rendering the *Cobb* decision inapplicable because the Motion for Leave to File Amended Complaint was premised on a knowing or reckless misrepresentation on the part of Plaintiffs' counsel." (Resp. ¶ 16.) Defendants have cited no authority recognizing such an exception or reasons why it should exist. The Fifth Circuit's decision in *Cobb* is premised on the notion that Defendants have the opportunity to oppose a motion for leave to file an amended complaint. This argument should have been raised at the time when the Court was considering the motion for leave to file. *See Cobb*, 186 F.3d at 678 ("[T]he defendants have a chance to argue against joinder before the court grants leave to amend.") Under *Cobb*, "the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." *Id.*

Defendants also argue that "[t]he *Cobb* decision does not overrule or otherwise limit or abrogate the effect of Rule 21." (Resp. ¶ 17.) Rule 21 of the Federal Rules of Civil Procedure "permits district courts to dismiss non-diverse parties who are not indispensable so long as it

---

[4] Even Defendants response to Plaintiffs' Motion to Remand does not ask the Court to vacate the order of joinder. Defendants urge that "the only question is whether the citizenship of improperly-joined the [sic] Independent Adjusters may be ignored" under the fraudulent joinder doctrine. (Resp. ¶ 2.) While the Fifth Circuit has left open the question of whether a court may "exercise[] its inherent power to recall its judgment and withdraw its order permitting joinder," Defendants have not asked the Court to do so here.

does not prejudice any of the parties." *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 397488, at *2 (S.D. Tex. 2007).  Defendants cite *Cortez* in support of their argument; however, the *Cortez* opinion specifically noted that *Cobb* did not apply because the complaint in *Cortez* was filed originally in federal district court. *Cortez*, 2007 WL 397488, at *2 n.2.  The Court may only apply Rule 21 if it has subject matter jurisdiction over the claims at issue.  As articulated above, the Court lost subject matter jurisdiction once it permitted joinder of the non-diverse defendants.

**IV.    CONCLUSION**

For the reasons stated in this order, Plaintiffs' Motion to Remand (Doc. No. 19) is **GRANTED**.  This action is hereby **REMANDED** to the 11th Judicial District Court of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 7th day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE